**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VITALII TRUBNIKOV,

          Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 14-73266

Agency No. A200-589-673

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Vitalii Trubnikov, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo due process claims and we review for substantial evidence the agency's factual findings. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

We reject Trubnikov's contentions that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that Trubnikov's experiences in Ukraine, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (being teased, harassed, and discriminated against without any significant physical harm did not compel finding of past persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'") (citation omitted). Substantial evidence also supports the agency's conclusion that Trubnikov failed to establish his fear of harm in Ukraine is on account of a protected ground. *See Padash v. INS*, 358 F.3d 1161, 1166-67 (9th Cir. 2004); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected

14-73266

ground is at least 'one central reason' for persecution).   Thus, his withholding of removal claim fails.   *See Padash*, 358 F.3d at 1167.

Finally, substantial evidence supports the agency's denial of Trubnikov's CAT claim because he failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Ukraine.   *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**